# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARSHALL A. POPPLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01300 |
| ) | (Crim. No. 3:08-cr-00249) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Marshall Popple filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in which he objected to (1) his career offender enhancement, and (2) his lawyer's alleged ineffectiveness in failing to object to that enhancement, or argue for the low-end of the Guidelines range. (Doc. No. 1 at 3, 8). Thereafter, counsel was appointed and afforded the opportunity to file an amended Section 2255 petition. However, counsel made the "strategic decision" to "leave the original motion as the operative pleading." (Doc. No. 13 at 2). Then, when the Government filed a response in opposition to Popple's *pro se* Motion, counsel filed a "Notice of Waiving Right to File Reply." (Doc. No. 16).

At first blush, counsel's failure to amend and failure to respond appear odd, but the reasons why becomes apparent upon a review of the record. On February 9, 2009, Popple pled guilty to each of the six counts in the Indictment. (Case No. 3:8-cr-00249, Doc. No. 20). He was sentenced on October 26, 2009 to 151 months on Counts One through Five, and a concurrent 120 months on Count Six. On November 2, 2019, the Judgment was entered, and no appeal was taken. (Id. Doc. No. 33). Popple's Motion to Vacate or Set Aside or Correct Sentence was not filed in this case until November 19, 2018.

"The language of § 2255 provides that . . . the one-year statute of limitations for § 2255 motions begins to run on 'the date on which the judgment of conviction becomes final.'" Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004) (quoting 28 U.S.C. § 2255). As a general matter, convictions become final upon conclusion of direct review. Id. (citing United States v. Cottage, 307 F.3d 494, 498 (6th Cir.2002)). Where, as here, "a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." Id. Thus, Popple had until November 16, 2009, within which to file a notice of appeal, and he missed that deadline by more than eight years.

The one year deadline for filing based upon the finality of a judgment aside, "a petition for habeas relief under § 2255 may also be filed within one year of 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.'" Johnson v. United States, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting 28 U.S.C. § 2255(f)(4)). "The one-year statute of limitations for filing a § 2255 petition is [also] subject to equitable tolling," id., provided the petitioner shows "that he has been pursuing his rights diligently," and "that some extraordinary circumstance stood in his way and prevented timely filing," Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

Neither is the case here. Popple knew at the time of his sentencing that he was being sentenced as a career offender under United States Sentencing Guideline ("USSG") 4b1.1, and he also knew what counsel was or was not advocating because Popple was present at sentencing. Moreover, counsel did not fail to argue for a sentence at the low end of the range, or ignore that Popple was subjected to a career offender enhancement, as Popple claims. Quite the contrary,

2

counsel submitted a thorough Sentencing Memorandum in which he argued that Popple should be sentenced to the low-end range of 151 months (which he effectively was because the 120-month sentence on Count Six was concurrent), and passionately argued that "a variance [was] needed to mitigate the harsh effect of the career offender guideline." (Case No. 8-cr-00249, Doc. No. 29 at 8). Simply put, Popple is incorrect in his position and, even if he is not, he has failed to show any extraordinary circumstances that prevented him from raising those arguments in a timely fashion.

In addition to the foregoing statute of limitations, a one year limitation period applies when "a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In this regard, Popple requests that the Court "lift the time bar," because, under his reading of Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018), a finding of career offender status based upon a burglary conviction is "unconstitutional." (Doc. No. 1 at 12). Popple also relies heavily on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) for the proposition that burglary is not a crime of violence for purposes of the Armed Career Criminal Act ("ACCA"), and submits that burglary should not count for purposes of the career offender enhancement either. In doing so, Popple acknowledges that he has two prior aggravated burglary convictions under Tennessee law, but argues that Tennessee's statute "is overbroad because its definition of inhabitable structure is broader than the location element of burglary." (Id. at 4).

In Johnson, the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which is a part of the ACCA that enhances the statutory mandatory minimum for defendants with three or more previous convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Certain listed offenses in the statute are considered "violent felonies," as

3

is "conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii). (emphasis added). In Dimaya, the Supreme Court found the similarly-worded residual clause for "aggravated felony" in the Immigration and Nationality Act (18 U.S.C. § 16(b)) unconstitutionally vague.

Notably, the residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") was void for vagueness in both Dimaya and Johnson because it required a reviewing court "to 'imagine' an 'idealized ordinary case of the crime.'" Dimaya, 138 S. Ct. at 1214 (quoting Johnson, 135 S. Ct. at 2557–58). The same cannot be said about Tennessee's aggravated burglary statute.

There is a fundamental difference between the residual clause, on the one hand – and the elements clause (has as an element "the use, attempted use, or threatened use of physical force against the person of another") and the enumerated clause ("is burglary, arson, or extortion [or] involves use of explosives"), on the other. In fact, less than a month after Popple filed his Motion to Vacate or Set Aside Sentence, the Supreme Court held that a conviction for aggravated burglary under Tennessee law constituted "generic burglary" for purposes of the ACCA's enumerated clause. United States v. Stitt, 139 S. Ct. 399, 408 (2018). In other words, a Tennessee aggravated burglary conviction can be used as a predicate crime for purposes of the ACCA. This has long been the law in the Sixth Circuit. See, United States v. Nance, 481 F.3d 882, 888 (6th Cir. 2007), ("Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes"). It remains the law in this Circuit post-Stitt. See, Brumbach v. United States, 929 F.3d 791, 794 (6th Cir. 2019) ("Nance's holding . . . is once again the law of this circuit.").

The Court recognizes that Johnson, Dimaya, Stitt, Nance, and Brumbach, all involved the

4

mandatory 15-year statutory penalty under the ACCA, whereas Popple's sentence was simply enhanced under USSG§ 4b1.1. Nevertheless, Popple is not entitled to relief under Section 2255 for at least four reasons.

First, the Sixth Circuit "has repeatedly equated the definition of 'violent felony' under the ACCA 'to the parallel determination of whether a prior conviction constitutes a 'crime of violence' under USSG § 4B1.2(a).'" Snider v. United States, 908 F.3d 183, 188–89 (6th Cir. 2018) (quoting United States v. Bartee, 529 F.3d 357, 359 (6th Cir. 2008)). Second, at the time of Popple's conviction in 2009, "burglary" was an enumerated offense under § 4b1.1, just as it is under the ACCA's enumerated clause.[1] See, Bartlett v. United States, No. 3:17-CV-00931, 2019 WL 4916599, at *3 (M.D. Tenn. Oct. 3, 2019) (noting that under 2009 Guidelines burglary was an enumerated crime and holding that aggravated burglary under Tennessee law was a qualifying crime for purposes of the career offender enhancement under § 4b1.1). Third, while Popple claims the residual clause is void for vagueness and is unconstitutional just as it was in Johnson, the Supreme Court in Beckles v. United States, 137 S. Ct. 886, 894 (2017) held that "the Guidelines are not amenable to a vagueness challenge" because "they merely guide the district court's discretion." Fourth, while the 2016 Guideline eliminated "burglary" from the enumerated clause of USSG 4b1.2

---

[1] Specifically, the 2008 Guidelines that were then in effect defined "crime of violence" as: any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2008).

effective August 15, 2016, "'sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet' the 'remarkably high bar' for § 2255." Snider, 908 F.3d 183, 190–91 (quoting United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015)). That is, "[a]lthough the career designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself—then or now.'" Id. at 191 (quoting United States v. Addonizio, 442 U.S. 178, 187 (1979)).

Accordingly, Popple's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED WITH PREJUDICE**. Further, a certificate of appealability will not issue because no reasonable jurist could conclude that Popple's claims are timely, or that the Supreme Court has since recognized a new right applicable to Popple's claims on collateral review. The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE